"State of North Carolina, New Bern District. March Term, 1792.
"The Jurors for the State, upon their oath present, that David Adams, late of Beaufort County, planter, not having the fear of God before his eyes, but being moved and seduced by the instigation of the devil, on the second day of October, in the year of our Lord, one thousand seven hundred and ninety-one, and in the sixteenth year of American Independence, with force and arms, in the county of Beaufort aforesaid, in and upon one Anthony Mills, in the peace of God and the State, then and there being, feloniously, willfully and of his malice aforethought, did make an assault, and that the said David Adams, with both his hands and feet, he the said Anthony Mills to and against the ground, then and there feloniously, willfully, and of his malice aforethought, did cast, throw, and pull down: and the same Anthony Mills so upon the ground lying, he the said David Adams, with both the hands (57) and feet of him the said David Adams, the said Anthony Mills in and upon the head, breast, back, stomach, and sides of the said Anthony Mills, then and there feloniously, willfully, and of his malice aforethought, did strike, beat, and kick: giving to the said Anthony Mills, as well by the casting, throwing, and pulling down of him the said Anthony Mills, with both the hands and feet of him the said David Adams, in manner aforesaid, several mortal bruises, of which several mortal bruises the said Anthony Mills languished, from the said second day of October till the morning of the third day, being the day following, in the year aforesaid, in the county of Beaufort aforesaid; and languishing did live: on which said third day of October, in the said sixteenth year of American Independence as aforesaid, in the same year, being the day following, the said Anthony Mills in the said county of Beaufort, of the said several mortal bruises aforesaid, died; and so the Jurors aforesaid, upon their oath aforesaid, do say that the said David Adams, the said Anthony Mills, in manner and form aforesaid, feloniously, willfully, and of his malice aforethought, did kill and murder, against the peace and dignity of the State." *Page 62 
He was brought to the bar, and it being demanded of him whether he had anything to say, wherefore judgment of death should not be passed upon him, pursuant to the said conviction.
Davie moved in arrest of judgment for the following reasons, filed at the term the conviction was had, to wit:
I. That the words with force and arms are omitted or left out in the said indictment, where those words are material and necessary.
II. That the district in which the murder should have been charged to have been done, is not mentioned or inserted.
III. That the said indictment is too vague and uncertain, for the Court to give judgment upon; for in charging the manner by which the said David Adams committed the murder aforesaid, it is set forth, thatas well by the casting, throwing, and pulling down of him the saidAnthony, etc., without any relative whatever; so that the said Anthony might have come by his death by other means in a manner different from that charged in the bill of indictment.
(58) IV. That the indictment is otherwise informal, defective, and insufficient.
And the reasons coming on now to be argued, Davie, for the prisoner, did not rely principally upon the objection founded on the want of repeating the words with force and arms in the indictment, because of the construction of 37 Henry VIII, 8, 256, but he read the Crown Circuit Companion, to show that it was necessary generally. But as to the objection of the omission of the district, he contended that the proper venue must be laid in the indictment. The true venue here, he said, is the district. The manner of getting a jury here is superior to that of any other country; they are appointed by indifferent persons in the several county courts. To say in the county of Beaufort is not of itself sufficient. If the indictment had said, in the district aforesaid, though the district was not otherwise mentioned, perhaps it might have done; to show the principle he produced 4 Bl. Comm., 301. The grand jury must be of the proper county and of the vicinage, etc., and 349, the excellence of trial by jury, upon whichDavie here commented, and also upon the necessity of a strict adherence to rigid rules in criminal cases. It must appear, he contended, from the face of the proceedings that the Court and jury have jurisdiction, etc., 2 Hawk, 303, and as to the necessity of inserting the venue, he cited 2 Hale, 180, the ville must be regularly named, etc. The ville and county in England, he contended, answered to the county and district here. So if the indictment had said, at the county in the district aforesaid, but that would be uncertain *Page 63 
if two counties had been before named in the indictment, and of course not good, because in that case the prisoner might have a jury from an improper county imposed on him. Crown Circuit, 101.
As to the third objection, there is not a proper connection; and this causes a want of certainty, which is sufficient to vitiate any indictment. It does not appear whether he received his death by the kicking, etc., or by the throwing, etc., or by either, for want of the word as. Wherever uncertainty like this appears, 'twill not warrant the judgment of the Court. 2 Hawk, 259. The particular spot on the man's body on which the wound was given must be shown: and if so, how much more is it necessary for certainty in the manner of giving the mortal wound, in the manner the law requires. It wants certainty, p. 320, 355, 57. The words "felonice cepit,murdravit," etc., being words of art cannot be supplied by any paraphrase or circumlocution. 2 Hale, 185. The offense, says Lord Hale, must be alleged particularly. 4, Co., 40. Circiter pectus is not good, p. 44,Vause's case. As to the manner, it must be certain and not require argument to make it certain enough for judgment, etc.
As to the 2d. The only necessity for a venue is to show that the Court has jurisdiction of the matter. This is shown, because the law has fixed the county of Beaufort in the jurisdiction of this Court, being a part of the district and the district is mentioned in the margin. The offense is charged in Beaufort County, and it bursts upon the imagination that Beaufort is in the jurisdiction of this Court. In support of this, he cited 4 Bl., 301, which he said was a modern authority of a respectable crown law writer, and more to be relied on than the more ancient books.
As to the 3d reason: surely it is enough that he came by his death byone of the modes charged; and he read the Crown Circuit to show that a mistake of the place is not material, etc., etc.
It is not to be doubted, but that by the common law, sufficient certainty must appear. The first reason is waived by reason of the statute of Henry the VIII. As to the second, the counsel for the prisoner says that the district is the true venue here. It is certainly true, and the niceties spoken of by Justice Blackstone, as condemned by Hale, are not such as these; the proper ville is not mentioned. As to the knowledge that Beaufort County is in New Bern district, that doesn't appear from the indictment. If it had said the district aforesaid, it might do, perhaps, but suppose there had been another county, in another state, of the same name, that would not be in the jurisdiction. *Page 64 
This, therefore, is uncertain, and might be more certain. And as to the third objection, there seems to be some weight in it; but the second is so clear that there is no doubt; and his Honor was therefore clearly of opinion that the indictment was insufficient.